# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ELEKTRA ENTERTAINMENT
GROUP INC., et al.,

    Plaintiffs,

vs.                                       CASE NO.: 3:06cv118/MCR/EMT

DAVID SPENCER,

    Defendant.
_____/

## ORDER APPOINTING MEDIATOR

This matter is before the court upon Plaintiff's notice and request for a court appointed mediator. (Doc. 17). Upon consideration, it is

ORDERED:

1. The parties shall mediate this matter before William E. Bond, Jr., Esquire, 125 West Romana Street, Suite 800, Pensacola, Florida 32502.

2. The parties shall contact the mediator **no later than September 8, 2006**, to coordinate the mediation schedule.

3. Consistent with the terms set forth in the prior mediation referral, unless otherwise agreed, the fee of the mediator shall be paid equally by the parties. The fee shall be paid in the manner required by the mediator.

4. The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this order.

5. The following persons MUST attend the mediation conference:

    (a) Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(b) All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

(c) If a party is insured, a representative of the insurer having full authority to settle without further consultation. In his discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

6. Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

7. The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

8. The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

9. All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations. Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

10.     This referral to mediation does not automatically toll the time for completion of any other matter in this case.

11.     The parties are encouraged to settle as many issues during mediation as possible.  Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

12.     **Mediation in this case must be completed on or before October 23, 2006.**  The mediator or parties shall file a report within 14 days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared).  If the matter is settled in full, notice to the court shall be immediate.

13.     Counsel for each party shall, within 10 days of the date of this order, consult with his or her client about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order.  On motion of any party, the court will consider ordering that mediation commence immediately or at a time earlier than otherwise required by this order.  With or without such an order, the parties by agreement may commence mediation at any time before the deadlines set in this order.

14.     The clerk shall provide a copy of this order to William E. Bond, Jr., Esquire, 125 West Romana Street, Suite 800, Pensacola, Florida 32502.

**SO ORDERED** this 30th day of August, 2006.

_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 3:06cv118/MCR/EMT